UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN BOYAJIAN,<br>    Plaintiff,<br><br>    v.<br><br>TOWN OF PLAINVILLE, DAN COPPINGER, PETER COSTANZO, RICHARD MARQUES, JOHN QUILTER, STEPHEN CHASE, and TIMOTHY MILLER,<br>    Defendants. | CIVIL ACTION NO.<br>3:10cv593 (SRU) |

## RULING ON MOTION TO STRIKE

John Boyajian, the plaintiff, filed a thirteen-count complaint on April 15, 2010 alleging constitutional and common law torts against the Town of Plainville, Dan Coppinger, Peter Costanzo, Richard Marques, John Quilter, Stephen Chase, and Timothy Miller (collectively, "the defendants").[1] The defendants move to strike redundant portions of the complaint. Although the motion's first sentence states that the defendants move under Rule 12(b)(6), the rest of the motion discusses why the complaint should be struck under Rule 12(f). I therefore treat the motion as if it were filed under Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The defendants filed their motion before filing a responsive pleading — indeed, the defendants have

---

[1] The text of the complaint incorrectly numbers what should be the thirteenth and final count as "Count Fourteen."

yet to file an answer — and, therefore, the court may consider the motion's merits.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only provide a "short and plain statement" of the court's jurisdiction and the plaintiff's claims for relief. Fed. R. Civ. P. 8(a). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As both parties recognize, striking portions of a complaint is disfavored, and the defendants must make a strong showing to prevail on their motion. *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102-03 (D. Conn. 2008). In this case, however, the complaint should be struck because of the confusing and redundant manner that Boyajian has organized the counts stating his claims for relief.

The alleged facts of Boyajian's lawsuit are uncomplicated. He alleges that he was arrested without probable cause for breach of the peace by officers of the Plainville Police Department on April 20, 2007. While in custody, a police officer allegedly struck Boyajian on the head and the other officers denied him adequate medical treatment. For that misconduct, Boyajian now seeks compensatory and punitive damages, as well as attorneys' fees and costs, from the individual responsible officers, the Plainville police chief, and the Town of Plainville.

Boyajian's thirteen counts, however, fail to provide clear notice of the plaintiff's claims for relief and prejudice the defendants by making it unduly difficult to respond to them. The problem is the complaint's redundancy. For instance, Boyajian alleges what appear to be the

same constitutional violations against the individual officer defendants in seven separate counts. *See* Cmplt. (doc. # 1) Counts One, Two, Three, Four, Eight, Twelve, and Fourteen. It appears that Boyajian has pleaded the same claims in all of those counts; but despite the similar wording, the counts' distinct numbering and articulation suggests that Boyajian is somehow alleging different constitutional torts in each. That repetition makes what should be a simple complaint unnecessarily confusing. Adding to that confusion is the complaint's prayer for relief, which seeks damages against "the defendants Connecticut Department of Motor Vehicles and Commission of the Department of Motor Vehicles, jointly and severally," *id.* Prayer for Relief, although neither is a party to Boyajian's suit.

"When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 40. Boyajian is granted leave to file an amended complaint. In each count, the amended complaint should identify a single constitutional or common law violation against a single defendant or set of similarly situated defendants (e.g., the individual police officers involved in the offense). Boyajian should also consider titling each count in order to give the defendants and the court further notice of the claims he is pursuing. Boyajian shall avoid repeating facts and claims to the fullest extent possible and abide by Rule 8(a)(2)'s command that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."

The defendants' motion to strike (doc. # 10) is GRANTED. Boyajian shall file his amended complaint within 21 days of this ruling.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of February 2011.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge